```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

Marcie Daniels

    v.                                                   Civil No. 13-cv-364-JL
                                                      Opinion No. 2014 DNH 243

Carolyn W. Colvin,
Acting Commissioner,
Social Security Administration


**SUMMARY ORDER**

Marcie Daniels has appealed the Social Security Administration's denial of her applications for disability insurance benefits and Supplemental Security Income, which claimed an onset date of May 2008. An administrative law judge at the SSA ("ALJ") ruled that, despite Daniels's severe impairments (including anxiety order and major depressive disorder), she retains the residual functional capacity ("RFC") to perform her past relevant work, at least if she stops her substance abuse, and, as a result is not disabled. Daniels appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Daniels has filed a motion to reverse the decision. See L.R. 9.1(b)(1). Daniels argues that the ALJ erred in her determination of her RFC, as well as in the determination of the effects of Daniels's substance abuse on her RFC. The Acting Commissioner of the SSA has cross-moved for an order affirming the ALJ's decision, see L.R. 9.1(d), arguing that substantial

evidence supports the ALJ's findings.  For the reasons explained below, this court rules that the challenged findings were, in fact, supported by substantial evidence, and therefore denies Daniels's motion to reverse the ALJ's decision (and grants the Commissioner's).

**Substance abuse.**  Under the Contract with America Advancement Act of 1996, "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would be a contributing factor material to the Commissioner's determination that the individual is disabled."  Pub. L. 104-121, §§ 105(a)(1), (b)(1), codified at 42 U.S.C. §§ 423(d)(2)(c), 1382c(a)(3)(I) (parenthetical omitted).  Thus, when presented with medical evidence of a disabled claimant's "drug addiction or alcoholism, [the ALJ] must determine whether [the claimant's] drug addiction or alcoholism is a contributing factor material to the determination of disability."  20 C.F.R. § 404.1535(a); see also id. § 416.935(a).  This determination requires the ALJ to "evaluate which of [the claimant's] current physical and mental limitations, upon which [the ALJ] based [the] current disability determination, would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of the remaining limitations would be disabling" and, "[i]f the ALJ determines that the [claimant's] remaining limitations would not be

disabling, [the ALJ] will find that [the claimant's] drug addiction or alcoholism is a contributing factor to the determination of [his or her] disability." Id. § 404.1535(b)(2); see also id. § 416.935(b)(2); Alker v. Colvin, 2014 DNH 032, 16, appeal dismissed, No. 14-1251 (1st Cir. Sept. 12, 2014).

The ALJ noted that Daniels "consistently used alcohol throughout the relevant time period," testifying that "she was consuming up to a bottle of vodka each day." The ALJ found that, "[w]ith substance abuse, [Daniels] has marked restriction of activities of daily living, social functioning, and concentration, persistence, and pace," but that, without substance abuse, she would suffer only mild restriction in activities of daily living, and moderate difficulties in social functioning and concentration, persistence or pace. Accordingly, the ALJ concluded that Daniels's "substance abuse disorder is a contributing factor material to the determination of disability," i.e., she would not be disabled but for her substance abuse, disqualifying her from benefits.

Daniels complains that these findings were erroneous because "the ALJ simply determined that if [Daniels] stopped the substance use (alcohol), she would be able to perform basic work activities," rather than "go[ing] through the medical evidence."

One piece of "medical evidence" that supported the ALJ's contrary conclusion, however, was the opinion of Dr. James Claiborn, a consulting psychologist who, after reviewing the record, testified at the hearing before the ALJ.  As his testimony is summarized in the joint statement of facts, see L.R. 9.1(c), Claiborn stated that, "without substance abuse, [Daniels] would experience only moderate limitations in her activities of daily living, social functioning, and concentration, persistence, and pace" so that "substance abuse was material to [her] disability."

In her motion to reverse, Daniels does not address this evidence, which adequately supports the ALJ's finding that her substance abuse is a contributing factor material to her disability.  See Alker, 2014 DNH 032, 21-24 (upholding ALJ's finding that claimant's alcoholism was material to his disability based on independent medical examiner's opinion to that effect).  Instead, Daniels refers to "medical records [that] show that she suffered severely from the limitations of her mental health impairments" even "prior to the medical notations of [her] drinking."  The short answer to this argument is that Claiborn, having reviewed those same records, nevertheless concluded that Daniels's impairments would no longer be disabling if she stopped drinking, and the ALJ acted well within her discretion in crediting that opinion (which, again, Daniels's motion has simply

ignored).[1] The ALJ did not err in finding that Daniels's substance abuse disorder was material to her disability.

**RFC.** The ALJ concluded that, if Daniels recovered from her substance abuse, she would have the RFC to perform the full range of work at all exertional levels, but with certain non-exertional limitations, including restriction to uncomplicated tasks involving only incidental contact with the general public and routine interaction with coworkers and supervisors, as well as an

---

[1] Daniels suggests that these records document a "period of abstinence" that the ALJ was bound to consider by force of an "Emergency Teletype" issued by the SSA in the wake of the Contract with America Advancement Act. See SSA, Questions and Answers Concerning DAA from the 7/02/96 Teleconference (Aug. 30, 1996), available at http://www.masslegalservice.org/system/files/library/daa-qa.htm (last visited Nov. 17, 2014). While this document indeed states that, in cases of determining the materiality of substance abuse amid a "co-existing mental impairment . . . the most useful evidence that might be obtained . . . is that relating to a period when the individual was not using drugs/alcohol," id., it stops short of saying that an ALJ cannot rely on other evidence on that point--particularly the opinion of a qualified independent medical examiner who has examined the claimant's medical records, including those covering the alleged period of sobriety.

It is also worth noting that, the day after the ALJ issued her decision in this case, the SSA issued a new ruling that "obselete[d]" the Emergency Teletype. Social Security Ruling 13-2p, Titles II and XVI: Evaluating Cases Involving Drug Addiction and Alcoholism (DAA), 2013 WL 621536, at *1 (2013). This ruling specifically contemplates that, in the case of a "co-concurring mental disorder," the SSA may determine the materiality of a claimant's substance abuse based on the results of a consultative exam by a provider who examines the record evidence. Id. at *9. Again, that is what happened here, so the ALJ's approach was consistent with the SSA's announced policies both prior and subsequent to SSR 13-2p (which, by its terms, did not take effect until after the ALJ issued her decision).

environment without frequent task changes or strict production quotas.  Daniels argues that, in coming to this conclusion, the ALJ gave insufficient weight to Daniels's "inability to concentrate, her paranoid behavior, inability to leave her home, and overall state of her mental health."

In determining Daniels's RFC, however, the ALJ relied on the opinions of Dr. Claiborn, who testified (per the joint statement of material facts) that, again, Daniels faced only moderate limitations in concentration, persistence, and pace, as well as that she "could perform simple tasks, interact with coworkers and supervisors, and handle occasional workplace stress and changes."  As already noted, Daniels does not address Claiborn's opinions, which themselves constitute substantial evidence for the ALJ's RFC finding.  See Lizotte v. Sec'y of HHS, 654 F.2d 127, 130 (1st Cir. 1981).  This is especially the case where the only opinions that Daniels's motion does address (which were rendered by a therapist--rather than an acceptable medical source--in August 2012) are actually consistent with Claiborn's opinions in that they find no more than moderate limitations in any category, including concentration, performance, and pace, as the ALJ noted.

Daniels also points to treatment notes from Dr. Marianne Marsh, a psychiatrist who began seeing her in September 2011, which the ALJ discussed in detail in her decision.  These notes,

6

from a session in July 2012, indicate that Daniels was suffering from panic attacks and other symptoms that limited her activities of daily living, interpersonal functioning, and ability to follow through and persist with tasks.  But Daniels does not explain how these observations are at odds with the non-exertional limitations found by the ALJ, and "simply referring to evidence before the ALJ is not enough to raise an argument that the ALJ erred in his or her consideration of that evidence."  Gaudette ex rel. D.P. v. Colvin, 2014 DNH 022, 4 n.1.

In any event, these notes also contain a diagnosis of "current alcohol dependence" and, while they describe only moderate drinking by Daniels, further state that this "is a guess based on what [information] she provides" since "[s]he tends to minimize her report of alcohol" use.  So these notes do little if anything to undermine the ALJ's conclusion that, but for Daniels's drinking, she could perform work limited to uncomplicated tasks and only incidental contact with the general public in an environment without frequent task changes or strict production quotas.  See Alker, 2014 DNH 032, 24 (upholding ALJ's decision to give limited weight to a medical opinion that claimant "could not tolerate stresses in the work environment" because the opinion arose from a visit that "took place when [he] was abusing substances" and therefore "was not particularly

relevant to determining whether [he] was disabled absent substance abuse"). Again, the ALJ based that finding on the Claiborn's opinions, and his decision to do so was entirely supportable. See Lizotte, 654 F.2d at 130.

Based on the foregoing, Daniels's motion to reverse the ALJ's decision[2] is DENIED, and the Commissioner's motion to affirm that decision[3] is GRANTED. See 42 U.S.C. § 405(g). The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_/s/ Joe Laplante_
Joseph N. Laplante
United States District Judge

Dated:  November 21, 2014

cc:  Christopher J. Seufert, Esq.
     Kelie C. Schneider, Esq.
     Robert J. Rabuck, Esq.

---

[2] Document no. 12.

[3] Document no. 15.